**Mearl JONES, Petitioner–Appellant,**

v.

**Terry PITCHER, Warden,
Respondent–Appellee.**

No. 01–2033.

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 2002.

Before: MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

* The Honorable Herman J. Weber, United States District Judge for the Southern District

of Ohio, sitting by designation.

### ORDER

Mearl Jones, a Michigan state prisoner, appeals pro se a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones was convicted of armed robbery following a 1995 jury trial. He was sentenced, based on his habitual offender status, to twenty to forty years of imprisonment. His conviction was affirmed on direct appeal, with one judge dissenting on the issue of sufficiency of the evidence. This petition for federal habeas corpus relief raised the same issues presented to the state courts. The matter was referred to a magistrate judge, who recommended that the petition be denied after discussion of the merits of the claims. The district court adopted this recommendation over the objections filed by Jones, and denied the petition. On appeal, only one issue was certified: whether the evidence was sufficient to establish the "armed" element of armed robbery. Jones has filed a motion for miscellaneous relief.

Upon consideration, we conclude that this petition for federal habeas corpus relief was properly denied, as the state court's decision on the merits of the claim on appeal was not contrary to or an unreasonable application of federal law; nor did it involve an unreasonable determination of the facts in light of the evidence presented. *Sanders v. Freeman,* 221 F.3d 846, 852 (6th Cir.), *cert. denied,* 531 U.S. 1014, 121 S.Ct. 571, 148 L.Ed.2d 489 (2000).

When reviewing a claim of insufficient evidence, the court must view the evidence in the light most favorable to the prosecution, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In order to be convicted of armed robbery under Mich. Comp. Laws § 750.529, the prosecution was required to show that Jones was armed with a deadly weapon or with "any article used ... in a manner to lead the person ... assaulted to reasonably believe it to be a dangerous weapon." In this case, the victim testified that, after being lured by Jones to a warehouse, where he believed he would be able to purchase reduced-price merchandise, he refused to give Jones the money before he saw the merchandise. Jones then told the victim that he knew he had the money. At that time, the victim saw what he believed was the handle of a pistol sticking out of the pocket of the coat Jones was wearing. When Jones put his hand in the pocket, the victim asked if he was being robbed, and Jones replied, "What do you think?" The victim then handed over the money and Jones ran off. The state court reasonably concluded that this evidence was sufficient to support a finding that Jones was armed with either a dangerous weapon or something used in such a way as to lead the victim to believe it was a dangerous weapon. The victim's testimony that he thought he saw the handle of a pistol, combined with the act of Jones placing his hand in the pocket and his reply to the victim's question of whether this was a robbery were sufficient to establish the elements of armed robbery.

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.